IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, PLUMBERS & PIPEFITTERS LOCAL UNION #99 APPRENTICESHIP FUND, INTERNATIONAL TRAINING FUND, PLUMBERS & PIPEFITTERS LOCAL UNION #99 POLITICAL ACTION FUND, BLOOMINGTON-NORMAL PIPING INDUSTRIAL FUND, PLUMBERS & PIPEFITTERS LOCAL UNION #99 ORGANIZING FUND, UNITED ASSOCIATION OF JOURNEYMEN & APPRENTICES OF THE PLUMBING & PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA LOCAL UNION #99, and LOCAL NO. 99 OF THE UNITED ASSOCIATION OF PLUMBERS AND PIPEFITTERS PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> INDUSTRIAL CONSTRUCTION SERVICES, INC. <br><br> Defendant. | No. |

## COMPLAINT

NOW COME Plaintiffs, EAST CENTRAL ILLINOIS PIPE TRADES HEALTH & WELFARE FUND, *et al.*, by and through their attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, Industrial Construction Services, Inc., and allege as follows:

1. This action is brought and maintained in accordance with the provisions of the Labor Management Relations Act (LMRA), as amended, 29 U.S.C. §185(a), and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, as amended, in particular 29 U.S.C. §1145 (Section 515 of ERISA), and is a civil action to recover employer contributions and other payments owed to the Plaintiffs.

2.      Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present one. (See, 29 U.S.C. §1132).

3.      Venue is proper in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See*, §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

4.      Defendant, Industrial Construction Services, Inc., maintains its principal place of business in East Peoria, Illinois, which is located within the venue of the Peoria Division of the District Court for the Central District of Illinois.

5.      The Plaintiff, East Central Illinois Pipe Trades Health & Welfare Fund, is an employee benefit plan administered pursuant to the terms and provisions of a trust agreement creating said Fund and is required to be maintained and administered in accordance with the provisions of the LMRA and ERISA (as amended), 29 U.S.C. §1001 *et seq.* A copy of the pertinent provisions of the trust agreement for Plaintiff, East Central Illinois Pipe Trades Health & Welfare Fund, is attached hereto as **Exhibit A** and fully incorporated herein and made a part hereof by this reference.

6.      The East Central Illinois Pipe Trades Health & Welfare Fund is the collection agent for the other named Plaintiffs, which are employee benefit funds, labor organizations, and labor-management committees/funds established pursuant to collective bargaining agreements between the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada ("Union") and certain employer associations whose employees are covered by collective bargaining agreements with the Union.

7. Plaintiff, East Central Illinois Pipe Trades Health & Welfare Fund, receives fringe benefit contributions from numerous employers, and therefore, is a multiemployer plan. (*See*, 29 U.S.C. §1002).

8. The Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. §1002 (5), (11), (12), and (14).

9. Defendant signed the Articles of Agreement Between the Local Union No. 99 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada and the Bloomington-Normal Plumbing, Heating, Air Conditioning and Piping Contractors of the Territorial Jurisdiction of Local Union No. 99 covering the period of May 1, 2007 through April 30, 2010.  Attached hereto and incorporated herein as **Exhibit B** is the signed Articles of Agreement for the period of May 2007 through April 2010.

10. Defendant is and was bound to Exhibit B.

11. Defendant never terminated Exhibit B.

12. Defendant is and was bound to the successor Articles of Agreements covering the period of May 2010 through April 2013.  Attached hereto and incorporated herein as **Exhibit C** is the signed Articles of Agreement for the period of May 2010 through April 2013.

13. Defendant never terminated Exhibit C.

14. Defendant is and was bound to the successor Articles of Agreements covering the period of May 2013 through April 2015.  Attached hereto and incorporated herein as **Exhibit D** is the signed Articles of Agreement for the period of May 2013 through April 2015.

15. Defendant never terminated Exhibit D.

16.     Defendant is and was bound to the successor Articles of Agreements covering the period of May 2015 through April 2020.  Attached hereto and incorporated herein as **Exhibit E** is the signed Articles of Agreement for the period of May 2015 through April 2020.

17.     Defendant performed work covered by Exhibits B – E (hereinafter collectively referred to as "Agreements") within Local Union #99's jurisdiction.

18.     Defendant employed individuals who are members of, and represented by, the Union, and said individuals are participants in Plaintiffs' employee benefit funds pursuant to the various agreements.

19.     Pursuant to the Employee Retirement Income Security Act of 1974 (U.S.C. 29 §1145), the Defendant is required to make contributions to Plaintiffs in accordance with the terms and conditions of the Agreements and Plaintiffs' trust agreements.  The remaining trust agreement, in pertinent part, is attached hereto and incorporated herein as **Exhibits F**. (See also, Exhibits A – E).

20.     Defendant employed individuals during the period of January 1, 2010 through June 30, 2016, and Defendant is required to submit to Plaintiffs fringe benefit contributions and other payments/check-offs as provided for by the Agreements.

21.     Plaintiffs examined the payroll books and records of the Defendant (*i.e.*, Plaintiffs conducted a fringe benefit compliance audit), and Plaintiffs' examination covered the period of January 1, 2010 to June 30, 2016.  Plaintiffs' fringe benefit compliance audit reports are attached hereto and incorporated herein as **Exhibit G** and **Exhibit H**.

22.     The audit report on behalf of the Plumbers & Pipefitters Local 99 Pension and other Fringe Benefit Funds shows that Defendant owes $11,306.29 in fringe benefit

contributions and check-offs, which Plaintiffs assert is currently owed along with liquidated damages and interest. (<u>See</u>, Exhibit G).

23. The audit report on behalf of the East Central Illinois Pipe Trades Health & Welfare Fund shows that Defendant owes $5,544.00 in fringe benefit contributions, which Plaintiffs assert is currently owed along with liquidated damages and interest. (<u>See</u>, Exhibit H).

24. The foregoing shows that Defendant failed to properly and timely pay all of the required fringe benefit contributions and check-offs during the period of January 1, 2010 through June 30, 2016.

25. Defendant breached the Agreements it signed or was otherwise bound to by failing to properly and timely remit fringe benefit contributions and check-offs to Plaintiffs during the period of January 1, 2010 through June 30, 2016.

26. Defendant violated Plaintiffs' trust agreements by failing to properly and timely remit fringe benefit contributions to Plaintiffs.

27. Defendant has, without good cause, failed to make payment of these amounts, despite its contractual obligation to do so.

28. Pursuant to the Agreements and 29 U.S.C. §1145, Defendant owes liquidated damages in the amount of 10% of the contributions/check-offs on any contributions/check-offs that Defendant failed to timely remit to Plaintiffs during the period of January 1, 2010 through June 30, 2016. (<u>See</u>, Exhibits B – E).

29. Pursuant to the Agreements and 29 U.S.C. §1145, Defendant owes interest in the amount of 12% per annum on the contributions/check-offs that Defendant failed to timely remit to Plaintiffs during the period of January 1, 2010 through June 30, 2016. (<u>See</u>, Exhibits B – E).

30. Besides the amounts identified as outstanding in Exhibits G and H, Defendant also owes liquidated damages and interest for the months of March 2015, April 2015, and May 2015 as a result of its failure to timely remit fringe benefit contributions.

31. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of the Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \*       \*       \*
>
> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> > (A) the unpaid contributions,
> >
> > (B) interest on the unpaid contributions,
> >
> > (C) an amount equal to the greater of –
> >
> > > (i) interest on the unpaid contributions, or
> > >
> > > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as May be permitted under Federal and State law) of the amount determined by the court under subparagraph (A),
> >
> > (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> >
> > (E) such other legal or equitable relief as the court deems appropriate.

>   For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

   (<u>See</u>, §1132(g)(2) of ERISA)

   32.   Pursuant to the Agreements and 29 U.S.C. §1145, Defendant is liable for reasonable attorneys' fees, court costs, and all other reasonable expenses incurred by the Plaintiffs in the collection of the amounts owed.

   33.   Accordingly, pursuant to the Agreements, the trust agreements, and the applicable provisions of ERISA, Defendant is liable for the unpaid contributions, check-offs, liquidated damages, interest, audit costs, and the reasonable attorney's fees and costs incurred in this matter.

   WHEREFORE, Plaintiffs pray as follows:

   A.   That judgment be entered in favor of the Plaintiffs and against Defendant, INDUSTRIAL CONSTRUCTION SERVICES, INC., for all such monies due—including delinquent contributions, check-offs, liquidated damages, interest, audit costs, and all applicable statutory remedies, for the time period of January 1, 2010 through June 30, 2016—at the time Judgment is rendered;

   B.   That Defendant, INDUSTRIAL CONSTRUCTION SERVICES, INC., be decreed to pay to Plaintiffs $16,850.29 in known delinquent contributions and check-offs for the period of January 1, 2010 through June 30, 2016, plus any other fringe benefit contributions, check-offs, liquidated damages, interest, audit costs, attorney fees, and court costs found to be owing at the time judgment is rendered;

   C.   That Defendant be decreed to pay Plaintiffs' reasonable attorney's fees and costs as provided by ERISA, 29 U.S.C. §1132(g)(2) and Plaintiffs' Agreements; and

D. That Plaintiffs are awarded, at Defendant's costs, such further and other relief as may be available under ERISA, the trust agreements, the Agreements, or as is otherwise deemed just and equitable, all at Defendant's cost.

Respectfully submitted,

EAST CENTRAL ILLINOIS PIPE
TRADES HEALTH & WELFARE FUND,
*et al*.,
Plaintiffs,

By: s/ Timothy J. Shrake II
TIMOTHY J. SHRAKE II
**CAVANAGH & O'HARA LLP**
Attorneys for Plaintiffs
2319 W. Jefferson St.
Springfield, IL 62702
Telephone: (217) 544-1771
Facsimile: (217) 544-9894
timshrake@cavanagh-ohara.com